UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSE RUIZ, :

    **Plaintiff** :

    CIVIL ACTION NO. 3:17-1975

v. :

    (Judge Mannion)

YORK COUNTY :
DISTRICT ATTORNEY, *et al.*,
:
    **Defendants**

## MEMORANDUM

### I. Background

Jose Ruiz, an inmate confined in the State Correctional Institution, Camp Hill, Pennsylvania, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the York County District Attorney's Office, York County District Attorney Thomas Kearney, York County Assistant District Attorney Jeffery F. Boyles, York County Police Department, York County Police Corporal Kim Hibner, York County Police Officer Dana C. Ward, Secretary of Corrections John Wetzel, Superintendent Laurel Harry and Officers Jacquelin Guerrero, Jenny Beato, Julia Chauis, Juan Reyes and Mary Newson. Id. Along with the filing of his complaint, Ruiz submitted an application to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 27).

A court must dismiss, at the earliest practicable time, certain *in forma*

*pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. §1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. §1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir.2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted). The Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* will be granted, and the Plaintiff's complaint will be dismissed as legally frivolous.

## II. **Allegations in Complaint**

Plaintiff states that he "was arrested in 2006 and 2008 on charges of rape of a minor, with multiple other charges and victims." (Doc. 1). Plaintiff

2

"maintained his innocence and took both cases to trial." Id. He claims that although the District Attorney "presented their case along with Medical Experts (2) to whom testified on behalf of all the victims in both cases, all the victims were 11 years old or younger, testified that they were brutally raped by the Plaintiff, over and over, in all forms of sex acts, the Medical Experts for the state in both cases testified under oath that all of the said victims were still complete virgins with the exception of one who was raped in another case in the state of New York, but showed no new signs." Id. Plaintiff claims that "the York County Police Department and Corporal Kim Hibner, along with Officer Dana C. Ward failed to do their job proper resulting in a wrongful conviction of an innocent person." Id. Plaintiff believes that the parents of the minor children "were aware of the truth of this crime, even after one of the said victims sent a letter to the court explaining why they lied", but the parents "failed to come forward and present truthful evidence of Jose Ruiz's innocence." Id.

Plaintiff states that "while under appeal and meeting all the required timelines, the Secretary of Corrections, John Wetzel and the Superintendent of Camp Hill (Laurel Harr) sent the Plaintiff, Jose Ruiz to a prison in the state of Virginia due to over-crowding", without any notice. Id. Once he arrived in Virginia, Plaintiff "sought help in his appeal to maintain his timeline" but "this attempt was

3

futile." Id. There were "no legal books, paralegals, attorneys or Spanish speaking persons with legal knowledge to help him" and "Plaintiff lost his appeal as time barred." Id. Thus, Plaintiff filed the instant action in which he seeks damages for "pain and suffering, cruel and unusual punishment, mental anguish, false imprisonment." Id.

### III. Discussion

In order to state a viable section 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); see Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

4

With respect to Plaintiff's request for compensation for illegal confinement, it is well-settled that prisoners cannot use §1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). The United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477 (1994). "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Because there is no indication of record that there has been a successful prior adjudication pertaining to Plaintiff's alleged unlawful conviction or sentence, it is appropriate to dismiss the claim for damages as legally frivolous. Plaintiff cannot, under Heck, maintain a cause of unlawful imprisonment until the basis for that imprisonment is rendered invalid. See also Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (holding that the favorable termination rule of Heck, under

5

which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking §1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release); Mitchell v. Department of Corrections, 272 F. Supp. 2d 464, 473 (M.D. Pa.2003).

## IV. Conclusion

In light of the foregoing, the above captioned action, filed pursuant to 42 U.S.C. §1983, will be **DISMISSED**, without prejudice, as legally frivolous under 28 U.S.C. §1915(e)(2)(B)(i), and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 30, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1975-01.wpd